## Yazoo County v. Humphreys County.

[83 South. 275. In Banc. No. 20903.]

1. COUNTIES. *Adjustment of rights by legislature in creating new county.*

It is entirely within the province of the legislature in creating a new county, to make such adjustments as it may deem proper between the county created and the counties from which its territory is taken.

2. COUNTIES. *Disposition of convict farm upon creation of new county.*

Under Laws 1918, chapter 348, section 14, transferring title to all property "situated in and pertaining to" the territory embraced in a newly created county to the new county, a county convict farm, within the area covered by the new county, became the property of the new county.

APPEAL from the circuit court of Humphreys county. HON. H. H. ELEMORE, Judge.

Suit by Humphreys county against Yazoo county. From a judgment for plaintiff, defendant appeals.

The facts are fully stated in the opinion of the court.

*R. R. Norquist,* for appellant.

It will be at once noted that the section just quoted in the statement of facts conveys the title to no property other than that "situated in and pertaining to the

territory embraced in Humphreys county." Therefore, if the county farm involved in this litigation does not "pertain to the territory embraced in Humphreys county," the title to the same does not pass from Yazoo county. It is not sufficient that the property be merely situated in the excised territory, it must also "pertain" to it.

The international dictionary gives this definition of pertaining: "To belong or appertain, as possession or an adjunct as "the things which pertain to God." The Encyclopaedic Dictionary gives this definition: "To belong: To be the property of; 'Honors that pertain unto the Crown of France.' " Webster's New International gives this definition; To belong: To have connection with or dependence on something as an appurtenance, attribute, etc. Pertain often implies a closer relationship or connection than the rather more formal appertain: As "A faithful high priest in things pertaining to God." "It appertaineth to the discipline of the church that inquiry be made of evil ministers."

In *Parish* v. *Wheeler*, 22 N. Y. 494, a railroad owned some canal boats, and gave a mortgage on certain mentioned property and "all other personal property in any way belonging or appertaining to the railroad of said company." Judge Denio said: "The canal boats were not embraced in the description of the property mortgaged to the defendant; the personal property mortgaged was not all such as belonged to the company, but such as belonged or appertained to the railroad. The canal boats did not, belong or appertain to the railroad though they were considered as belonging to the company. Their use in a transportation line between Rouse's Point and New York might be beneficial to the income of the road, and so would anything else which should facilitate traffic upon it, but that was not the sort of relation called for by the words of the mortgage." *Brown* v. *Phillips*, 71 Wis. 239; *Miller* v. *Mann*, 55 Ver-

mont 479; *Herndon* v. *Moore* 18 S. C. 339; *People* v. *Board of Directors Chicago Theological Seminary,* 51 N. E. 198. Chicago Theologicial Seminary charter, paragraph, 2, prescribes that the seminary shall be located in or near Chicago, etc., and section 5 provides "that the property, of whatever kind or description, belonging or appertaining to said seminary shall be forever free and exempt from all taxation." Held, that the exemption of property "belonging or appertaining to said seminary" did not mean all property belonging to the corporation, and property owned by it, but not "appertaining to the seminary" though the income therefrom was used for seminary purposes, was not exempt.

After a diligent search I have been unable to find, and I challenge opposing counsel to produce, a single authority upholding their position in this case; on the contrary, they all sustain the appellant's contention that the county farm does not "pertain to the territory embraced in Humphreys county." and, therefore, title to the same does not pass to such county by this act. The legislature, by section 14 of the act in question did what it intended to do, that is, it gave to Humphreys county title to only such property belonging to the other counties affected as "pertains" to, i. e., "used" or "occupied" "peculiarly" by the excised territory. Had the legislature not so intended, it would simply have omitted from section 14 the word "pertain" in which event Humphreys county would have gotten title to all property situated in the excised territory. From this conclusion, I can see no escape.

But, if it be claimed that there be doubt, as to the meaning of section 14, or that said section is ambiguous, then this action must result in a judgment for appellant for the reason that, in case of such doubt or ambiguity, the intention of the legislature must govern, and that

intention readily and legally ascertained and proved, will operate to reverse this cause.

Where the meaning of an act is doubtful, recourse has been frequently had to the title for explanation and it is regarded as a legitimate aid in determining the intention of the legislature. 26 A. & E. Enc. of Law, page 628, and cases there cited; and section headings are commonly used in the United States and England, and have been declared to be a part of the statute. See *Barnes* v. *Jones,* 51 Cal. 303; *People* v. *Molineux,* 53 Barb. (N. Y.) 15 affirmed 40 N. Y. 113. Now what do we find?

The title, or heading, of said section 14 reads as follows: "Title to county property not affected" which conclusively shows that it was in the mind of the legislature that title to county property generally should not pass under said section, but only such property as "pertained," i. e., peculiarly used or occupied by the excised territory.

What further? A statute must receive such construction as will, if possible, make all its parts harmonize with each other, and render them consistent with its scope and object. *Ellison* v. *Mobile, etc., R. Co.,* 36 Miss. 572. The entire statute must be so read that the whole may have a harmonious and consistent operation. *Adams* v. *Yazoo, etc., R. Co.,* 75 Miss. 275, 22 So. 824. "A statute should not receive such a construction as would render any of its provisions vain and useless." *Martin* v. *O'Brien,* 34 Miss. 21.

Section 11 of the act in question reads as follows: "Sec. 11. That all public schools now located in the territory embraced in Humphreys county shall remain so located unless removed as provided by law."

Did section 14 admit of the construction contended for by appellee, would it not render section 11 "vain and useless"? Appellee's position is that all property of the counties affected, provided it is situated in the excised

territory, goes to Humphreys county. Then why the necessity for section 11?

What the legislature did by this act was the fair and sensible thing to do in the premises; it gave to Humphreys county that property situated in the excised territory which pertained to said territory. The property peculiar to the interests of such territory; the property used or occupied as an adjunct. For example Humphreys county secured, under this act, title to the public roads situated in said territory.

It is respectfully submitted that this cause should be reversed, and a judgment entered here for appellant.

*Knotts & Jones,* for appellee.

The intention of the legislature must first be gathered from its language, and this language must be given its ordinary and usual construction, and for this construction we may refer to the authorities recognized by the colleges and institutions of learning in America. Webster's New International, among other definitions, defines the word pertain: "To have relation or reference to something." The standard dictionary: "To belong, as an attribute to property, element, adjunct, be in necessary relation or in close connection with, or dependence or something, etc. The handle pertains to the basket."

Now taking these definitions as given by these two dictionaries, cannot the said land pertain to the territory (of which it is a part) embraced in Humphreys county? It is certainly in close relation to this territory; it belongs to this territory; it is a property of this territory; it is an element of this territory; it is certainly in necessary relation to the territory; and in close connection therewith. The land contended for in this case is an element of the real property cut off into Humphreys county from Yazoo county. It takes this

parcel to make up the whole and it stands in a necessary relation to the whole.

There is no contention that the legislature had no right to so partition this property this right is un-questioned by appellant. The appellant referred to the heading or caption of the section for light upon the language and strongly urged this as determining a matter which rests in great obscurity in the language, but our contention is borne out fully by the plain meaning of the words of the statute. They do not need reference to the caption for any light upon or revelation of their meaning. 36 Cyc. 1133, et seq.

There is no real property of Yazoo county or any other county from which Humphreys county was formed except this property which the legislature could have meant. Appellant urges that it could have meant the roads. This is not tenable nor true since Yazoo county had no title to roads, nor could the legislature have divested title to roads from Yazoo to Humphreys county. Counties do not own or have title in a road situated therein, so appellant cannot turn to this for an explanation of what the legislature meant.

Yazoo county had a courthouse, jail and county farm property, the courthouse and jail is situated well within the territory which Yazoo county retained under the act, title to these properties was and is in Yazoo county, though that territory excised helped to pay taxes and build this property, it also helped pay for the county farm; the legislature did not disturb the county of Washington in its jail and courthouse nor did not disturb Sunflower, Holmes nor Yazoo; these properties still remain the property of each of these counties, much of this property has been fully paid for, the territory embraced in Humphreys county having aided in this case. Whatever these portions of Humphreys county did in paying for these improvements remains the property of the several counties, whether much or little,

it was determined that this obligation should be taken from the severed portions by the legislature, but it was also determined that any property situated in this severed section and relating to the severed section or forming an element thereof should become the property of the new county.

How can appellant ascribe to the word pertain the limited and circumscribed meaning that it must have been used by the territory, or occupied by the territory? Such a construction is out of the question without argument, it would do violence to the reasonable construction these words are capable of, and render the section meaningless, since no one could say the territory could have used property of any character the title to which rested in Yazoo county. A statute must receive such construction as will, if possible, make all its parts harmonize with each other, and render them consistent with its scope and object, *Ellison v. Mobile & C. R. Co.*, 36 Miss. 572. An unjust and unwise purpose will not be imputed to the legislature, when any other reasonable construction can be given its acts. *Pattison v. Clinghan*, 93 Miss. 310.

If the construction asked by appellant to be placed upon the section be placed upon it, it becomes utterly meaningless as to the title to any real property that might have been situated in the territory. This court will not say that this territory had to be using any property, since it was only a part of Yazoo county, and could not have been using, as a corporate body, anything whatever. None of the words of a statute will be rendered by construction useless and superfluous, if possible, to avoid. *McIntyre v. Ingraham*, 35 Miss. 25. We have no objection to citations of appellant nor any quarrel with him for citing *Adams v. Yazoo, etc., R. Co.*, 75 Miss. 875, nor *Martin v. O'Brien*, 34 Miss. 21.

There is no possible connection between sections 11 and 14 of the act and the one had reference to the public

schools of the county, to which the county claimed no title, and the other has only reference to lands held in fee simple, personal property the title to which was in Yazoo county, right of action which arose concerning or connected with the territory embraced in Humphreys county. This allusion of appellant shows how strained and hopeless is the view he takes of the case.

Let us for a moment see what the authorities cited by appellant hold in regard to the construction the courts have placed upon the word "pertain."

In *Parrish* v. *Wheeler,* 22 N. T. 494, a railroad company owned a railroad and rolling stock; it also owned some canal boats; it mortgaged its railroad and property belonging thereto. It was determined that the canal boats were excluded in this mortgage. One may mortgage a railroad without mortgaging any other property certainly, and it was so held that the canal boats did not belong nor pertain to the railroad properties mortgaged. How appellant can derive any satisfaction from the cases of *Brown* v. *Phillips,* 71 Wis. 239, and *Miller* v. *Mann,* 55 Vermont 479, we cannot understand. In the latter case it imputes to the meaning of the word "appertaining" use, occupancy. It could not require such a construction in the case at bar, since such a meaning is obviously out of the question, and the legislature could not have intended such a restricted empty and utterly meaningless construction. So also the case of *Norndon* v. *Moore,* 18 S. C. 339, any application to the case at bar is not possible. The case of *People* v. *Board of Directors Chicago Theological Seminary;* this case was reversed and remanded in the Illinois supreme court. It was held by this court that a statute exempting the property belonging and appertaining to said seminary did not include property acquired and rented, and not connected with the said seminary, and that the property so exempted must be property in use for seminary purposes alone, imputing to the word "ap-

pertaining'' a use or immediate connection and the court in the same case which was carried to the U. S. supreme court resolved the doubt in favor of the state. There existed a doubt in the mind of the court which was resolved in favor of the state; three members of the bench dissenting, 188 U. S. 662, 47 L. Ed. 642.

This court could not require that the ''territory embraced in Humphreys county'' should have exercised a use over this property in question. The word pertaining does not confine the legislature to this meaning of the word as indicated by the definitions cited; no such construction could possibly have been meant.

The legislature had full authority to apportion the assets and liabilities between the new county and the old counties from which it was taken and such action is usual and in detail the chapter endeavors to prorate all of this. Whether this was done in absolute fairness there is no positive means of knowing, at any rate it was done, and this parcel of land was set over to Humphreys county by clear intent, and intent so unequivocal that it is borne out by the ordinary meaning of the language used which leaves nothing to construction.

Is this the only solution that appellant can offer for those strange and cryptic terms as he would have it, ''situated in and pertaining to?''

Ethridge, J., delivered the opinion of the court.

This was a suit brought by Humphreys county against Yazoo county, T. J. Huddleston and others, lessees from said Yazoo county, for a certain tract of land described, which had been purchased by Yazoo county and used by said county prior to the creation of Humphreys county as a county farm for working convicts.

Chapter 348, Laws of 1918, provided for the creation of Humphreys county, and said county was duly organized on June 3, 1918, and it is agreed that seven hundred dollars was a reasonable amount for the use of the said property from the creation of said county to January 1, 1919, and that one thousand, four hundred dollars was a reasonable sum for the use and occupation of said lands for the year 1919. It appears that Yazoo county was in possession of this farm in the year 1918, and was using it as a county convict farm, but after the creation of said county they leased the said lands to one Huddleston for the year 1919, and Huddleston and his tenants were in possession and had a growing crop thereon at the time of the trial below. A jury was waived and a trial had before the circuit judge, who found that the title to the property in question was in Humphreys county and awarded judgment against the defendants in ejectment for the possession and for the amounts above named for use and occupation; possession to be acquired of January 1, 1920. The controversy arose under the construction of section 14 of chapter 348, Laws of 1918, which reads as follows:

"Title to County Property Not Affected.—Sec. 14. Title to all property, both real and personal, and the rights in action now vested in the counties of Washington, Holmes, Yazoo, Sharkey, and Sunflower, situated in and pertaining to the territory embraced in Humphreys county shall vest in the county of Humphreys."

It is insisted by the appellant that the words in the above section "situated in and pertaining to the territory embraced in Humphreys county" does not include this property in suit, which had been purchased and used for a county farm, but that the words "pertaining to" carried an intention to except said property out of the operation of the statute, because it does not pertain to the territory embraced in Humphreys county.

We think that it was the intention of the legislature to grant to Humphreys county all public property situated in the area embraced in Humphreys county,. and that the county farm constituted such property and was embraced in the grant to Humphreys county under the above section. We have found no constitutional restrictions in the way of this construction, and it is entirely within the province of the legislature in such cases to make such. adjustments as it may deem proper between the county created and the counties from which its territory was taken. In *Clay County* v. *Chickasaw County,* 64 Miss. at page 543, 1 So. 754, this court said:

"The creation of new counties is a matter within the power and discretion of the legislature, subject only to the restrictions imposed by the Constitution. Within these limitations the legislature may make whatever regulations it will as to the division of property and the payment of existing debts, and the terms prescribed by it must prevail. Courts cannot supplement legislation by assuming to adjust equities which have been ignored by the legislature."

See, also, *Board of Supervisors of Chickasaw County* v. *Board of Supervisors of Sumner County,* 58 Miss. 519; *Board of Supervisors of Chickasaw County* v. *Board of Supervisors of Clay County,* 62 Miss. 325.

The judgment of the court below is accordingly affirmed.

                                        *Affirmed.*